STATE OF NORTH CAROLINA v. ROBERT LEE HEARNS

No. 7018SC390

(Filed 15 July 1970)

1. Criminal Law § 172; Assault and Battery § 15— erroneous instructions
   — error cured by verdict

   Any error in instructing the jury as to defendant's guilt or innocence of felonious assault under G.S. 14-32(a) was cured by the jury's verdict which found defendant guilty of the lesser included offense described in G.S. 14-32(b).

2. Assault and Battery § 15— instructions — self-defense — apparent
   necessity

   In a felonious assault prosecution under G.S. 14-32(a), an instruction on self-defense that the defendant could use no more force than was reasonably necessary in defending himself is erroneous in omitting the element of apparent necessity, and the error is not cured by correct instructions on this point in other portions of the charge.

APPEAL by defendant from *Crissman, J.*, 23 February 1970 Criminal Session of GUILFORD Superior Court.

Defendant was charged in a bill of indictment with felonious assault upon Alvis Wayne Fewell with a deadly weapon with intent to kill inflicting serious injuries, a violation of G.S. 14-32(a). The jury found defendant guilty of assault with a deadly weapon inflicting serious injury, a violation of G.S. 14-32(b). From judgment of imprisonment for a term of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Eugene A. Smith for the State.*

*Public Defender Wallace C. Harrelson and Assistant Public Defender D. Lamar Dowda for defendant appellant.*

PARKER, J.

Section 2 of Chaper 602 of the 1969 Session Laws, which became effective upon ratification on 27 May 1969, rewrote G.S. 14-32 to read as follows:

"G.S. 14-32. *Assault with a deadly weapon or firearm with intent to kill or inflicting serious injury; punishments.* (a) Any person who assaults another person with a firearm or other deadly weapon of any kind with intent to kill and

inflict serious injury is guilty of a felony punishable under G.S. 14-2.

"(b)  Any person who assaults another person with a firearm or other deadly weapon *per se* and inflicts serious injury is guilty of a felony punishable by a fine or imprisonment for not more than five (5) years, or both such fine and imprisonment.

"(c)  Any person who assaults another person with a firearm with intent to kill is guilty of a felony punishable by a fine or imprisonment for not more than five (5) years, or both such fine and imprisonment."

The offense for which defendant was tried and convicted occurred on 10 June 1969, and the rewritten statute applies to this case.

It is unnecessary to review the evidence. When considered in the light most favorable to the State, it was sufficient to support a verdict of guilty under any of the subsections of the rewritten statute. When considered in the light most favorable to defendant, it was sufficient to require appropriate instructions as to defendant's right of self-defense.

[1]  Appellant assigns as error certain portions of the court's charge to the jury which related to the issue of defendant's guilt or innocence of the offense described in G.S. 14-32(a). While some of these appear to have merit, any errors in this regard were cured and rendered non-prejudicial by the jury's verdict which did not find defendant guilty of the offense described in G.S. 14-32(a) but only of the lesser included offense described in G.S. 14-32(b).

[2]  Appellant assigns as error the following portion of the court's charge which related to the issue of defendant's guilt or innocence of the offense described in G.S. 14-32(b):

"Now, members of the jury, . . . if you are satisfied from the evidence beyond a reasonable doubt that he (the defendant) assaulted this man, Alvis Wayne Fewell; that he did so with a deadly weapon; that he did so with his pistol; and inflicted serious injury, then it would be your duty to find him guilty of that charge, unless you are satisfied by the evidence that he had a right to defend himself and *that he used no more force than necessary in defending himself*." (Emphasis added.)

This instruction is erroneous in that the jury was told that defendant could use no more force than *necessary* in defending himself. "The law is that the defendant could use such force as was reasonably necessary or *apparently* necessary." *State v. Hardee,* 3 N.C. App. 426, 165 S.E. 2d 43. "Or, to put it another way, one may fight in self-defense and may use more force than is actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief." *State v. Francis,* 252 N.C. 57, 112 S.E. 2d 756. The error noted was not cured because the court correctly instructed the jury in other portions of the charge. *State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447.

It is not necessary to rule on other assignments of error since the questions raised may not recur in a new trial. For the error indicated, defendant is entitled to a

New trial.

MALLARD, C. J., and HEDRICK, J., concur.