STATE OF NORTH CAROLINA v. SHELLEY CHARLES KING

No. 7121SC436

(Filed 4 August 1971)

**Criminal Law § 172— verdict of guilty of lesser offense — error in submission of greater offenses**

Error, if any, in the submission to the jury of the issues of second degree murder and manslaughter was not prejudicial where the jury found defendant guilty of involuntary manslaughter, and there is no showing that the verdict of guilty of the lesser offense was affected by submission of the greater offenses.

APPEAL by defendant from *Kivett, Judge,* 4 January 1971 Session of Superior Court held in FORSYTH County.

Defendant was charged in a bill of indictment, proper in form, with the capital felony of murder. The Solicitor elected to try defendant upon a charge of second-degree murder.

State's evidence tended to show the following: During the evening hours of 25 September 1970 defendant went to the home of his niece at 1422 Wilson Street in Winston-Salem. He was carrying a .22-calibre pistol tucked in his belt. Upon arrival he went into the kitchen where deceased, Allen Tyrone Dendy, and several others were playing cards. Deceased asked defendant about a stain on his (defendant's) shirt, and defendant re-

plied that it was none of his business. Defendant pulled the pistol from his belt and cocked it; deceased pushed his chair back from the table and ran down the hall towards the front door; the pistol in defendant's hand was fired; and the shot struck deceased in the back causing his death shortly thereafter.

Defendant's evidence tended to show the following: Defendant carried the pistol to his niece's apartment for the purpose of pawning it to his nephew. When he arrived his nephew was in the kitchen with several others. He cocked the pistol, and as he was uncocking it, something hit his arm and it went off. Defendant did not intend to fire the pistol and did not intend to shoot the deceased.

From a verdict of guilty of involuntary manslaughter, and an active prison sentence imposed, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Ray, for the State.*

*Green, Teeter & Parrish, by Carol L. Teeter, for the defendant.*

BROCK, Judge.

Defendant's court-appointed counsel has diligently preserved his exceptions, has assigned them as error and fully argued them upon appeal. However, we hold that defendant had a fair trial, free from prejudicial error.

The assignments of error relating to submitting to the jury the possible verdicts of second-degree murder and voluntary manslaughter are without merit. The jury found defendant guilty of involuntary manslaughter and there is no showing that the verdict of guilty of the lesser offense was affected by submitting the issues of the greater offenses. Therefore, if there was error, it was not prejudicial to submit the issues of the greater offenses. *State v. Hearns,* 9 N.C. App. 42, 175 S.E. 2d 376.

The remaining assignments of error are to the charge of the court to the jury. When read in context the charge fairly presents the case to the jury upon appropriate principles of law.

No error.

Chief Judge MALLARD and Judge VAUGHN concur.