STATE OF NORTH CAROLINA v. JAMES MILTON ALSTON

No. 797SC498

(Filed 20 November 1979)

1. **Criminal Law § 105.1— motion for nonsuit—renewal of motion**

    Defendant waived his motion for nonsuit made at the close of the State's evidence by presenting evidence and failing to renew his motion, but pursuant to G.S. 15A-1227(d) and G.S. 15A-1446(d)(5), defendant could have requested review of the sufficiency of all the evidence without regard to whether the proper motion or exception had been made during trial.

2. **Homicide § 21.7— second degree murder—sufficiency of evidence**

    Evidence was sufficient for the jury in a second degree murder case where it tended to show that defendant accused deceased of being romantically involved with his wife; defendant twice assaulted deceased; and defendant then entered deceased's house and shot him in the head.

3. **Homicide § 28.2— self-defense—use of force—apparent necessity—jury instructions proper**

    The trial court's instructions on self-defense in a second degree murder prosecution properly explained to the jury that defendant could use more force than was actually necessary if he believed it to be necessary and had a reasonable ground for the belief.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 25 January 1979 in Superior Court, NASH County. Heard in the Court of Appeals 16 October 1979.

Defendant was indicted for first degree murder in the 22 September 1978 slaying of Thomas Mitchell. Defendant appeals from a guilty verdict of murder in the second degree.

The State's evidence tended to show the following. On the day of the killing, defendant accused Mitchell of romantic rela-

State v. Alston

tions with his wife. Defendant called Mitchell out of his home and a fight ensued after defendant grabbed Mitchell and slapped him. Defendant and Mitchell were separated by friends. Defendant left Mitchell's home but later returned and another fight ensued. In this fight, Mitchell hit defendant with a wrench, cutting defendant's head. Mitchell went back into his home, and defendant went to his car to get a cloth to wipe the blood from his eyes and face. Defendant took a shotgun from his car trunk and returned to Mitchell's home. He entered the house and searched for Mitchell finding him in a back bedroom. Defendant opened the door, raised the gun and said, "Ah, slick, you're a dead . . . now" as he pulled the trigger. The shot struck Mitchell's left cheek and passed into the brain, destroying vital centers. The officers first on the scene found deceased in a kneeling position in the farthest corner from the door with a large puddle of blood beneath him. A wrench was found between his legs.

Defendant testified at trial that deceased was coming at him with a wrench. The gun which he had for his protection "just went off." His confession to the officers at the scene, however, was to the effect that he pointed the shotgun at deceased and shot him as he backed up in the corner.

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for the State.*

*J. Henry Banks, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant assigns error in the denial of his motion for nonsuit at the close of the State's evidence. Defendant presented evidence following the denial of his motion and did not renew the motion. "If the defendant introduces evidence, he thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal." G.S. 15-173; *State v. Rhyne,* 39 N.C. App. 319, 250 S.E. 2d 102 (1979).

Pursuant to G.S. 15A-1227(d) and G.S. 15A-1446(d)(5), defendant could have requested review of the sufficiency of all of the evidence without regard to whether the proper motion or exception had been made during trial. On our own motion, we have

reviewed the sufficiency of all the evidence to take the case to the jury.

[2] Defendant was convicted of second-degree murder which is the unlawful killing of a human being with malice but without premeditation and deliberation.

> "The intentional use of a deadly weapon proximately causing death gives rise to presumptions that (1) the killing was unlawful, and (2) the killing was done with malice. This is second-degree murder." *State v. Bush,* 289 N.C. 159, 170, 221 S.E. 2d 333, 340, *death sentence vacated,* 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 45 (1976); *see also State v. Rummage,* 280 N.C. 51, 185 S.E. 2d 221 (1971).

Malice on the part of defendant is established in the case by inference from the use of a deadly weapon and by the surrounding circumstances including the two earlier assaults and the accusations concerning deceased's romantic relationship with defendant's wife. We hold the State presented sufficient evidence of the essential elements of second-degree murder to take the case to the jury.

[3] Defendant's only other assignment of error is in the trial judge's instruction to the jury on the law of self-defense. The trial judge instructed:

> "Now, a killing would be excused entirely on the grounds of self-defense, if: First, it *appeared to the defendant and he believed it to be necessary* to shoot Mitchell in order to save himself from death or great bodily harm, and, second, the circumstances as they *appeared to the defendant* at the time were sufficient to create such a belief in the mind of a person of ordinary firmness. It is for you the jury to determine the reasonableness of the defendant's belief from the circumstances as they *appeared to him* at the time." (Emphasis added.)

This properly instructs the jury that "one may fight in self-defense and may use more force than is actually necessary to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief." *State v. Francis,* 252 N.C. 57, 59, 112 S.E. 2d 756, 758 (1960); *see also State v. Hearns,* 9 N.C. App. 42, 175 S.E. 2d 376 (1970).

No error.

Judges ERWIN and HILL concur.