STATE OF NORTH CAROLINA v. LARRY BRINDLE

No. 8319SC836

(Filed 21 February 1984)

1. Constitutional Law § 48— failure to demonstrate ineffective assistance of counsel

There was no merit to defendant's contentions that he was denied effective assistance of counsel when he failed to object to testimony from a witness which was admissible as a shorthand statement of fact and when his counsel failed to request an instruction on defense of accident since defendant was not entitled to such an instruction.

2. Assault and Battery § 14.4— no prejudicial error in submission of issue to jury which was unsupported by evidence

Defendant failed to show prejudice in the trial court's submission to the jury of the issue of assault with intent to kill inflicting serious injury under G.S. 14-32(a) in that there was no evidence of intent to kill since the jury convicted defendant of the lesser included offense described in G.S. 14-32(b), assault with a deadly weapon inflicting serious injury.

APPEAL by defendant from *Long, James M., Judge.* Judgment entered 24 March 1983 in Superior Court, ROWAN County. Heard in the Court of Appeals 8 February 1984.

Defendant was charged with assault with a deadly weapon with intent to kill, inflicting serious injury. The jury found him

guilty under G.S. 14-32(b) of assault with a deadly weapon inflicting serious injury.

The State's evidence tended to show:

On 19 September 1982, defendant, defendant's daughter, Wayne Anderson, his brother Ray Anderson, and some other friends went to watch the automobile races at the Concord Motor Speedway. Defendant's daughter was Ray Anderson's date. After the races, defendant drove the group to his house. Defendant appeared angry and drove recklessly.

Upon arriving at defendant's residence, Ray, who had parked in defendant's driveway, put the key into the ignition of his car and prepared to leave. Defendant followed Ray to his car, cursing him and telling him that he should have asked permission before dating his daughter. Wayne Anderson, who had been watching, jumped on the hood of Ray's car and told defendant to leave Ray alone and to fight him if defendant wanted to fight someone. Defendant, instead, swung at Ray, who blocked and hit defendant. Wayne then jumped on defendant's back and tried to separate them. Defendant stepped backward, and Ray, thinking that the fight was over, walked away.

The fight, however, was not over. Defendant pulled a pistol from his pocket and struck Wayne on the head. Defendant then turned and fired two or three shots in Ray's direction. One bullet struck Ray in his lower left leg. Defendant then punched Wayne in the nose and threatened to kill anyone who touched Ray.

Defendant's evidence tended to show:

When the group arrived at defendant's house after the races, defendant told Ray that he did not approve of his daughter meeting guys away from home and that if Ray wanted to date her, to come to his house and ask her for a date. Ray flew into a rage and began yelling and cursing. Wayne came over, sat on the hood of the car, kicked defendant in the head and grabbed him by the neck. Both Ray and Wayne began hitting defendant. Wayne was still holding defendant by the neck when defendant pulled out a pistol he had been carrying in his pocket and fired two shots at the ground. One shot accidentally hit Ray.

*Attorney General Edmisten, by Ann Reed, Special Deputy Attorney General, for the State.*

*Dozier, Brackett, Miller, Pollard and Murphy, by Richard S. Gordon, for defendant appellant.*

VAUGHN, Chief Judge.

[1]  Defendant contends that he was denied effective assistance of counsel and, thus, due process of law. Defendant alleges, first, that his counsel's failure to object to incompetent testimony from the witness, Sheila Christie, and second, that his failure to request the trial court to instruct the jury on the defense of accident were errors amounting to a denial of effective assistance of counsel. We find no merit in defendant's contentions.

Sheila Christie testified that defendant shot Ray Anderson. In response to the prosecutor's question whether defendant aimed the gun before shooting, Ms. Christie testified, "I'd say so." Defendant argues that this response was an opinion which should have been objected to by defense counsel. We disagree. Ms. Christie's testimony was admissible as a shorthand statement of fact. *See State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976), *reconsideration denied,* 293 N.C. 259, 243 S.E. 2d 143 (1978).

As to defendant's second allegation, the evidence indicates and defendant himself testified that although he did not intend to hurt anyone, he intentionally fired the pistol. When, as here, defendant intended to and did fire a shot resulting in injury to the victim, defendant is not entitled to an instruction on the defense of accident or misadventure. *State v. Efird,* 37 N.C. App. 66, 245 S.E. 2d 226 (1978), *cert. denied,* 301 N.C. 98 (1980).

Counsel's performance was well within the range of competence demanded of attorneys in criminal cases. *See State v. Weaver,* 306 N.C. 629, 295 S.E. 2d 375 (1982); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). Ineffective assistance of counsel claims are not intended to promote judicial second-guessing on questions of strategy and trial tactics. *State v. Milano,* 297 N.C. 485, 256 S.E. 2d 154 (1979), *overruled on other grounds, State v. Grier,* 307 N.C. 628, 300 S.E. 2d 351 (1983).

[2]  Defendant next contends that the trial judge erred in submitting to the jury the issue of assault with intent to kill inflicting

serious injury under G.S. 14-32(a), since there was no evidence of intent to kill. Defendant, however, failed to prove any prejudice; the jury conviction of the lesser included offense described in G.S. 14-32(b) rendered harmless any errors in the charge with respect to the more serious offense, described in G.S. 14-32(a). *State v. Harris,* 23 N.C. App. 77, 208 S.E. 2d 266 (1974); *State v. Hearns,* 9 N.C. App. 42, 175 S.E. 2d 376 (1970). Nor did defendant prove that the jury verdict was affected by the judge's charge. *See State v. Hearns, supra.*

No error.

Judges WEBB and JOHNSON concur.