STATE OF NORTH CAROLINA v. JESSIE LEE TAYLOR

No. 857SC844

(Filed 4 March 1986)

1. **Rape and Allied Offenses § 6.1— failure to instruct on attempted second degree rape—no evidence—no error**

   There was no evidence in a rape prosecution of a failed attempt at non-consensual intercourse and the trial court did not err by failing to give an instruction on the lesser included offense of attempted second degree rape where the State's evidence showed that defendant engaged in sexual intercourse with the victim by force and against her will and defendant's evidence was that they were engaged in consensual sexual foreplay when the prosecuting witness bit him on the cheek causing him to lose interest. N.C.G.S. 14-27.3(a)(1).

2. **Constitutional Law § 48— counsel silent at sentencing hearing—not ineffective assistance**

   Defendant was not entitled to a new sentencing hearing for second degree rape where defense counsel simply said "No, sir" when asked if he had anything on sentencing, but said nothing negative about his client. However, silence at the sentencing hearing should rarely be the strategy or tactic of choice.

APPEAL by defendant from *Llewellyn, Judge*. Judgment entered 6 September 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 12 December 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of second degree rape. ·

*Attorney General Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*Malcolm Ray Hunter, Jr., Acting Appellate Defender, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in failing to instruct on the lesser included offense of attempted second degree rape. " 'The sole factor determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense.' " *State v. Peacock,* 313 N.C. 554, 558, 330 S.E. 2d 190, 193 (1985), *quoting State v. Wright,* 304 N.C. 349, 351, 283 S.E. 2d 502, 503 (1981). Where the State's evidence is clear and positive as to each element of the offense charged and there is no evidence showing the commission of a lesser included offense, it is not error for the judge to refuse to instruct on the lesser offense. *Id.*

The State's evidence here showed that defendant engaged in sexual intercourse with the prosecuting witness by force and against her will. N.C. Gen. Stat. 14-27.3(a)(1). The defendant's evidence showed that he and the prosecuting witness were engaged in consensual sexual foreplay when the prosecuting witness bit him on the cheek, causing him to lose interest. There was no evidence of a failed attempt at nonconsensual intercourse. The court thus did not err in failing to charge on the lesser included offense of attempted second degree rape.

[2] Defendant contends he is entitled to a new sentencing hearing because he was denied effective assistance of counsel at his initial hearing, which consisted solely of the following:

> [DISTRICT ATTORNEY]: The State prays judgment. Regarding his prior convictions, they have been stated.
>
> COURT: All right. Do you have anything on sentencing?
>
> [DEFENSE ATTORNEY]: No sir.

This Court recently noted that "[c]learly sentencing is a critical stage of a criminal proceeding to which the right to effec-

tive assistance of counsel applies." *State v. Davidson*, 77 N.C. App. 540, 544, 335 S.E. 2d 518, 521, *disc. rev. denied*, 314 N.C. 670, 337 S.E. 2d 583 (1985). In *Davidson* counsel not only failed to engage in positive advocacy at the sentencing hearing, but also placed before the court commentary entirely negative to the defendant. *Id.* at 545, 335 S.E. 2d at 521-22. This Court held that the defendant had shown both deficient performance and prejudice to his defense, *see State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E. 2d 241, 248 (1985), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), and awarded a new sentencing hearing. It stated: "If resourceful preparation reveals nothing positive to be said for a criminal defendant, at the very least effective representation demands that counsel refrain from making negative declamations." *Davidson*, 77 N.C. App. at 546, 335 S.E. 2d at 522.

Defense counsel here said nothing negative about his client. He simply refrained from speaking or presenting evidence at the sentencing hearing. While we find the absence of positive advocacy at the sentencing hearing troublesome, we do not believe we can hold, on this record, that it constituted deficient performance prejudicial to the defendant. *Braswell, supra.*

Defendant has not cited, and our research has not disclosed, any case holding that a criminal defendant was denied effective assistance of counsel solely because counsel stood mute at the sentencing hearing. The Court of Appeals of New Mexico, confronted with this situation, stated:

> During the sentencing hearing, the trial court asked both counsel and defendant if they had any statement they wished to make before sentence was pronounced. Counsel had nothing to say. Defendant moved to withdraw his guilty pleas; this motion was denied. Sentence was then pronounced.
>
> . . . .
>
> This record does not show that counsel "did not act as an advocate during the sentencing proceedings. Counsel remained silent, but that could have been a choice of tactics; at least, there is nothing showing silence was not a tactical decision by counsel. The choice of tactics is within the control of counsel.

*State v. French*, 92 N.M. 94, 96, 582 P. 2d 1307, 1309 (1978). *See also Taylor v. Maggio*, 727 F. 2d 341, 349 (5th Cir. 1984) (habeas petitioner not allowed hearing based solely upon silence of his attorney at sentencing hearing; such silence alone does not overcome presumption that trial conduct is the product of reasoned strategy decisions); *Williams v. United States*, 304 F. Supp. 691, 692-93 (E.D. Mo. 1969) (retained counsel's silence at time of sentencing not ground for collateral attack on sentence). Cf. *Baty v. Balkcom*, 661 F. 2d 391, 395 (5th Cir. 1981), *cert. denied*, 406 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed. 2d 1308 (1982) (counsel's silence at sentencing, considered alone, might be ascribed to tactical judgment, but when considered cumulatively with other omissions defendant was denied effective assistance of counsel).

"Ineffective assistance of counsel claims are not intended to promote judicial second-guessing on questions of strategy and trial tactics." *State v. Brindle*, 66 N.C. App. 716, 718, 311 S.E. 2d 692, 693-94 (1984). The record here provides no basis for holding that counsel's decision to remain silent at the sentencing hearing was not "strategy and trial tactics" properly left within the control of counsel. We thus find defendant's contention that he was denied effective assistance at the sentencing hearing without merit.

We nevertheless admonish defense counsel that silence at the sentencing hearing should rarely be the strategy or tactic of choice. " '[Z]ealous advocacy is as necessary at sentencing as at trial . . . . [T]he posture of the defense attorney at sentencing should fundamentally be that of an advocate . . . . [T]he defendant . . . deserve[s] . . . the most effective statement possible . . . in light of the available dispositional opportunities.' ". *Davidson*, 77 N.C. App. at 546, 335 S.E. 2d at 522, *quoting* 3 American Bar Association Standards for Criminal Justice at 18-438, 439 (2d ed., 1982 Supp.). "In order to properly fulfill his responsibilities, counsel's energies and resources should be directed as fully to the dispositional phase of the proceedings as to pretrial preparation and courtroom advocacy." *United States v. Pinkney*, 551 F. 2d 1241, 1249 (D.C. Cir. 1976).

No error.

Judges BECTON and PARKER concur.