STEELMAN, Judge.
Defendant was found guilty by a jury of first-degree burglary and felony larceny. The trial court consolidated the offenses for judgment and sentenced defendant to an active prison term of 117 to 150 months. Defendant filed timely notice of appeal.
Earl G. Morgan, an eighty-six-year-old retiree, testified that defendant knocked on his front door on the night of 18 June 2002, asking for thirteen dollars in bus fare to visit his sick mother in Chapel Hill. Morgan gave defendant fifteen dollars. Defendant returned moments later to seek additional money from Morgan, claiming he had underestimated the price of the bus fare. Defendant returned to Morgan's residence a third time on 18 June2002, explaining that he missed the bus and needed money to pay a friend for a ride to Chapel Hill and to get something to eat. Defendant obtained sixty dollars from Morgan over the course of the night.
Defendant knocked on Morgan's front door at 2:30 a.m. on 22 June 2002, stating he had returned from Chapel Hill after his mother's death and now needed money for cab fare home. Defendant came back with a women he identified as his sister, Barbara, who asked Morgan for gas money to drive defendant home. Morgan gave defendant some more money. Soon thereafter, defendant and Barbara returned to Morgan's residence, claiming they had been robbed. Morgan finally refused this request for money.
Defendant paid a fourth visit to Morgan's house on 22 June 2002, accompanied by a man identified as Leroy. The two men stood on the front porch, while Morgan spoke to them from behind his front door, which he held slightly ajar. Defendant said that he owed money to Leroy and was afraid of him. He asked Morgan for money to repay the debt. Morgan told defendant, "[T]his harassment has to stop[,]" and threatened to call the police. Defendant became "very angry" and "rather frightening[.]" He put his knee through the open door and forced his way into the house, pushing Morgan aside with the door. Defendant called to Morgan's wife and asked her for money. He then entered Morgan's office, rifled through the desk drawers and took two wallet-styled checkbooks. Defendant ran from the house with the blank checks, which the Morgans never recovered. Defendant argues on appeal that the State's evidence was insufficient to withstand his motion to dismiss. In reviewing the trial court's denial of a motion to dismiss, we must determine whether the evidence, taken in the light most favorable to the State, would allow a rational juror to find defendant guilty of the essential elements of the offense beyond a reasonable doubt. State v. Warren, 348 N.C. 80, 102, 499 S.E.2d 431, 443, cert. denied, 525 U.S. 915, 142 L. Ed. 2d 216 (1998).
Burglary in the first degree is defined as: "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein." State v. Simpson, 299 N.C. 377, 380, 261 S.E.2d 661, 663 (1980); N.C. Gen. Stat. § 14-51 (2003). The felonious intent required to satisfy the intent element must be the intent set out in the indictment. State v. Gray, 322 N.C. 457, 460, 368 S.E.2d 627, 629 (1988). Here, defendant's indictment alleged he entered the Morgans' residence with the intent to commit the felony of larceny. The essential elements of larceny are: "1) the wrongful taking and carrying away; 2) of the personal property of another; 3) without his consent; 4) with the intent to deprive permanently the owner thereof." State v. Edwards, 310 N.C. 142, 146, 310 S.E.2d 610, 613 (1984). Larceny committed during the perpetration of a burglary in the first or second degree is felonious without regard to the value of the stolen property. N.C. Gen. Stat. § 14-72(b)(2) (2003). In challenging the sufficiency of the evidence of first-degree burglary, defendant claims the State failed to show that he intended to commit larceny at the moment he forced his way into the Morgans' residence. We find no merit to this contention. Defendant's unauthorized entry into an occupied residence at night after being refused money and his subsequent larceny of property from inside the residence supported a finding that he entered the residence with larcenous intent. See, e.g., Gray, 322 N.C. 457, 461, 368 S.E.2d 627, 629 (1988) (stating that "evidence of what a defendant does after he breaks and enters a house is evidence of his intent at the time of the breaking and entering"). Moreover, defendant's theft of the checkbooks during to the burglary was sufficient to establish felony larceny under N.C. Gen. Stat. § 14-72(b)(2). Therefore, we hold the trial court properly denied the motion to dismiss.
Defendant next claims he received ineffective assistance of counsel because his attorney failed to offer evidence of mitigating factors at sentencing. Defendant did not propose any mitigating factors which might have been applicable to his case. See N.C. Gen. Stat. § 15A-1340.16(a) (2003) (noting the offender must prove by a preponderance of the evidence that a mitigating factor exists). Neither does defendant attempt to establish that such evidence would have led the trial court to both find mitigating factors and exercise its discretion to depart from the presumptive sentencing range. Id.
A defendant claiming ineffective assistance of counsel must meet a two-part test. State v. Gainey, 355 N.C. 73, 112, 558 S.E.2d 463, 488, cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002). Defendant must establish: (1) the professional assistance he received fell below an objective standard of reasonableness; and (2) the error committed was of a type that a reasonable probability exists that the outcome of the trial would have been different in the absence of such assistance. Id. (citations omitted). In assessing counsel's performance, there is a presumption that counsel's actions were reasonable, and those actions will be reviewed in light of the totality of the circumstances in which counsel acted. Id. at 112-13, 558 S.E.2d at 488.
Having carefully reviewed the course of defendant's trial, we find no merit to defendant's claim. The transcript reflects that counsel described defendant to the sentencing court as "a nice fellow" who was "non-violent" and "very respectful[,]" but who also suffered from drug addiction. Faced with the testimony of an elderly victim, as well as defendant's significant record of similar crimes, counsel's restraint at sentencing was not an unreasonable tactic. Cf. State v. Taylor, 79 N.C. App. 635, 637-38, 339 S.E.2d 859, 861, disc. review denied, 317 N.C. 340, 346 S.E.2d 146 (1986) (holding counsel's performance was not constitutionally deficient where he refrained from speaking or presenting evidence at the sentencing hearing, and such silence during sentencing, without more, did not overcome the presumption that the attorney's conduct was the product of reasoned strategy decisions). We further find no probability of a more favorable sentencing outcome but for counsel's alleged failings. The sentencing court allowed defendant the opportunity to explain the circumstances that led him to the Morgans' house. During a lengthy allocution, defendant told the court of his struggles with crack cocaine addiction, his need for money to visit a sick relative, his prior military service in the United States Marine Corps, his attempt to enroll in a drug treatment program, his religious conversion, the eight months of sobriety since his incarceration, his attempts to be a good influence on his fellow inmates, and his "willing[ness] to do whatever it takes to keep my life clean and sober." Defendant also apologized to Morgan in open court. In response, the prosecution argued that defendant "ha[d] spent his life stealing from people" and had been granted probation based on similar representations to the court following a felony breaking or entering conviction in 1999. The prosecutor urged the court to impose maximum consecutive sentences "so that there aren't anymore Mr. Morgans" victimized by defendant." Taking these arguments into consideration, the court consolidated defendant's offenses and sentenced him within the presumptive range. Under the totality of the circumstances, defendant has failed to show ineffective assistance of counsel.
Defendant further faults his trial counsel for failing to order the trial transcript after filing notice of appeal. Inasmuch as the transcript is before us as part of the record, defendant was not prejudiced by any omission. Defendant expressly abandons his remaining assignment of error.
NO ERROR.
Judges HUDSON and THORNBURG concur.
Report per Rule 30(e).