IN THE MATTER OF C.W.N., JR.

No. COA12-485

Filed 7 May 2013

**Constitutional Law—ineffective assistance of counsel—not per se ineffective—no prejudice**

A juvenile defendant charged with misdemeanor assault could not sustain a claim for ineffective assistance of counsel. Counsel's failure to make any closing argument was not ineffective assistance of counsel *per se*. Furthermore, the juvenile failed to establish a reasonable probability that had counsel asserted on closing argument that the incident in the boys' bathroom was an accident occurring as a result of horseplay, the result of the proceeding would have been different.

_____

**IN RE C.W.N.**

[227 N.C. App. 63 (2013)]

Appeal by juvenile from adjudication order and disposition order entered 29 November 2011 by Judge Herbert L. Richardson in Robeson County District Court. Heard in the Court of Appeals 13 November 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*

*Michelle FormyDuval Lynch for defendant-appellant.*

BRYANT, Judge.

Where juvenile fails to establish that counsel's performance was deficient or prejudiced, juvenile cannot sustain a claim for ineffective assistance of counsel.

On 8 November 2011, a juvenile petition for misdemeanor assault was filed in the Robeson County District Court. The petition alleged that C.W.N., Jr. (juvenile) "[wound] his arm up like a softball player and hit[] [the victim] in the groin [] area[.]"

An adjudicatory hearing commenced in Robeson County during the Lumberton Juvenile District Court Session on 29 November 2011, the Honorable Herbert L. Richardson, Judge presiding. During the hearing, evidence was admitted which tended to show that juvenile, then fifteen years old, and three other boys were engaging in horseplay while in a boys' bathroom at their school. The victim, then thirteen years old, was not engaged in horseplay but entered the bathroom and then a bathroom stall. When the victim exited the bathroom stall, juvenile said, "watch this," swung his arm, and stuck the victim in the groin area. The victim fell to the ground. Thereafter, a juvenile petition alleging misdemeanor assault was filed against juvenile.

Following the presentation of evidence, Judge Richardson requested closing arguments first from juvenile, then the prosecution. Juvenile counsel stated, "Your Honor, I don't have anything to add to what the Court has heard." The prosecution made a closing argument. Judge Richardson then adjudicated juvenile as delinquent on the charge of misdemeanor assault. Juvenile appeals.

---

On appeal, juvenile raises the following issues: whether juvenile received ineffective assistance of counsel (I) when his counsel failed to make any closing argument; or alternatively, (II) when his counsel

failed to argue that the incident was not an assault but occurred during horseplay.

*Right to counsel in a juvenile proceeding*

Pursuant to the Sixth Amendment of the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. Const. amend. VI.

"Juvenile proceedings, however, stand in a different light. Whatever may be their proper classification, they certainly are not 'criminal prosecutions.' Nor is a finding of delinquency in a juvenile proceeding synonymous with 'conviction of a crime.' " *In re Burrus*, 275 N.C. 517, 529, 169 S.E.2d 879, 886-87 (1969). In *Application of Gault*, 387 U.S. 1, 18 L. Ed. 2d 527 (1967), the Supreme Court of the United States, states that

> [w]e do not mean to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. We reiterate this view, here in connection with a juvenile court adjudication of delinquency, as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution.

*Id.* at 30-31, 18 L. Ed. 2d at 548 (quotations omitted).

> We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel . . . .

*Id.* at 41, 18 L. Ed. 2d 527 at 554.

The right to counsel in any proceeding in which a juvenile is alleged to be delinquent has been codified in North Carolina General Statutes, section 7B-2000. *See* N.C. Gen. Stat. § 7B-2000(a) (2011) ("A juvenile alleged to be within the jurisdiction of the court has the right to be represented by counsel in all proceedings. Counsel for the juvenile shall be appointed in accordance with rules adopted by the Office of Indigent Defense Services, unless counsel is retained . . . in any proceeding in which the juvenile is alleged to be (i) delinquent . . . .").

IN RE C.W.N.

[227 N.C. App. 63 (2013)]

## Ineffective Assistance of Counsel

"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001) (citations omitted). "[Ineffective assistance of counsel] claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required . . . ." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001) (citations omitted).

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citation omitted).

*I*

Juvenile first argues that his counsel's failure to make a closing argument before the District Court was a per se violation of the Sixth Amendment right to assistance of counsel. We disagree.

"There are [] circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658, 80 L. Ed. 2d 657, 667 (1984) (citations omitted). "*Powell* [*v. Alabama*, 287 U.S. 45, 77 L. Ed. 158 (1932),] was [] a case in which the surrounding circumstances made it so unlikely that any lawyer could provide effective assistance that ineffectiveness was properly presumed without inquiry into actual performance at trial." *Id.* at 661, 80 L. Ed. 2d at 669. However, "only when surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial." *Id.* at 662, 80 L. Ed. 2d at 670; *see State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985) (holding "ineffective assistance of counsel, *per se* in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent.").

Juvenile cites *Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657, and *Herring v. New York*, 422 U.S. 853, 45 L. Ed. 2d 593 (1975), in support of his argument that defense counsel's failure to make a closing argument amounted to a failure to satisfy the assistance of counsel guaranteed by the Sixth Amendment. We note that in both cases, the circumstances giving rise to the allegations of ineffective assistance of counsel were the result of restrictions placed upon the performance of counsel by the

trial court. *See, e.g., Cronic*, 466 U.S. at 662, 80 L. Ed. 2d 670 n. 31 (holding that appointment of a real estate lawyer who had never conducted a jury trial, to represent defendant on mail fraud charges and allowing only twenty-five days for pretrial preparation did not justify a presumption that the defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, and that the defendant's ineffective assistance of counsel claim could only be made by pointing to specific errors made by trial counsel), and *compare, Herring*, 422 U.S. 853, 45 L. Ed. 2d 593 (holding that where a New York statute allowed a trial judge to deny the defendant the opportunity to present a closing argument, such was a violation of the right to counsel guaranteed by the Sixth Amendment).

Here, the question of whether juvenile's Sixth Amendment rights were violated stems from lead counsel's own voluntary actions, not an external constraint.

> The right to the effective assistance of counsel is [] the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted – even if defense counsel may have made demonstrable errors – the kind of testing envisioned by the Sixth Amendment has occurred.

*Cronic*, 466 U.S. at 656, 80 L. Ed. 2d at 666. As stated in *Herring*, closing arguments present each party with an opportunity to point out weaknesses in the positions of their adversary and draw inferences from the evidence. *Herring*, 422 U.S. at 862, 45 L. Ed. 2d at 600. In a criminal case, closing arguments allow a party to clarify the issues for resolution "[a]nd for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt." *Id.* at 862, 45 L. Ed. 2d at 600 (citation omitted). However, a counsel's failure to present a closing argument in the context of a nonjury juvenile delinquency hearing is not, standing alone, a circumstance so likely to prejudice the accused that a violation of a juvenile's Sixth Amendment right to assistance of counsel is to be presumed. *See generally, Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657.

To hold that counsel's failure to speak during closing arguments in a nonjury juvenile delinquency hearing is per se ineffective assistance of counsel presumes that, while perhaps not advocacy, silence is always prejudicial. This we cannot say. *Compare State v. Taylor*, 79 N.C. App. 635, 637, 339 S.E.2d 859, 861 (1986) (Where defense counsel "refrained

from speaking or presenting evidence at the sentencing hearing," this Court reasoned that "[w]hile we find the absence of positive advocacy at the sentencing hearing troublesome, we do not believe we can hold, on this record, that it constituted deficient performance prejudicial to the defendant."); *State v. Davidson*, 77 N.C. App. 540, 546, 335 S.E.2d 518, 522 (1985) ("If resourceful preparation reveals nothing positive to be said for a criminal defendant, at the very least effective representation demands that counsel refrain from making negative declamations."). In light of the federal and state case law discussed herein as applied to the facts of this case, we can find no ineffective assistance of counsel per se. Accordingly, we overrule juvenile's argument. .

*II*

Alternatively, juvenile argues that he received ineffective assistance of counsel when defense counsel failed to make the argument that the incident in the boys' bathroom was an accident occurring as a result of horseplay. We disagree.

To establish ineffective assistance of counsel, "[juvenile] must show that his counsel's conduct fell below an objective standard of reasonableness. In order to meet this burden [juvenile] must satisfy a two part test." *Braswell*, 312 N.C. at 561-62, 324 S.E.2d at 248 (citing *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984) (describing a two-part test to assess an objective standard of reasonableness for assistance of counsel)).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*State v. Paige*, 202 N.C. App. 516, 523, 689 S.E.2d 193, 197 (2010) (citation omitted).

Here, prior to the examination of the first witness, juvenile counsel made a motion to sequester the remaining witnesses, which the trial

IN RE C.W.N.

[227 N.C. App. 63 (2013)]

court granted. Three witnesses testified for the prosecution: the victim and two other boys who were present in the bathroom at the time of the assault. Juvenile testified on his own behalf. All witnesses testified consistently that the victim was not involved in horseplay while in the bathroom and was struck by juvenile once when he exited the bathroom stall. Two boys who witnessed the assault testified that when the victim exited the bathroom stall, juvenile said, "watch this," and then swung his arm "like he was throwing a softball" hitting the victim in his groin area. The victim fell to the ground. Juvenile's counsel cross-examined the victim and the other two witnesses called by the prosecution, specifically questioning what each person was doing. Counsel's examination revealed that a fourth boy, who was not present at the hearing, entered the bathroom prior to the assault and engaged juvenile in horseplay. Counsel's cross-examination clarified that while the victim testified on direct examination that "they" threw water on him while he was in the bathroom stall, he believed only one boy, whom he could not identify, was throwing water on him. Counsel tested inconsistencies between trial testimony and a witness's statement to an investigating officer made within two days of the incident. Counsel also elicited testimony regarding what words juvenile said to the victim after hitting him: "was he all right." On direct-examination of juvenile, counsel elicited testimony regarding juvenile's perception of events. Juvenile testified that after he used the sink to wash his hands another boy was blocking the paper towel dispenser; so, to dry his hands, juvenile swung his hands around. Everyone was laughing and joking around. The victim was accidentally hit when he exited the bathroom stall.

> [Juvenile counsel:]  So, you're saying it was an accident that you hit him?
>
> [Juvenile:]  Yes, yes, Sir.

Counsel further questioned whether juvenile asked if the victim was all right: to which juvenile responded, "Yes, sir. . . . Multiple times."

Following examination of juvenile, the trial court stated that it would hear first from juvenile's counsel and then from the prosecution in closing. Juvenile's counsel stated, "Your Honor, I don't have anything to add to what the Court has heard." The prosecution made a closing argument contending that the evidence showed that the boys were in a bathroom engaged in horseplay but once the victim exited the bathroom stall, he became "the butt of all the horse play[.]" The court sustained juvenile counsel's objection to the prosecutor's speculation as to what counsel believed. After closing argument, the court stated that the

prosecution had met its burden on the charge of misdemeanor assault and that juvenile was delinquent on that charge. The juvenile proceeding, including the disposition phase, transpired over a period of approximately forty minutes.

It appears from the record, that the juvenile proceeding maintained the character of a confrontation between adversaries and that juvenile's counsel required the prosecution's case to survive a meaningful adversarial testing, *see Cronic*, 466 U.S. at 656-57, 80 L. Ed. 2d at 666; furthermore, juvenile fails to establish a reasonable probability that had counsel asserted on closing argument that the incident in the boys' bathroom was an accident occurring as a result of horseplay, the result of the proceeding would have been different, *see Paige*, 202 N.C. App. at 523, 689 S.E.2d at 197. Three witnesses, including the victim, testified to facts tending to indicate the assault on the victim was non-accidental. Therefore, juvenile has failed to establish he received ineffective assistance of counsel. Accordingly, juvenile's argument is overruled.

Affirmed.

Judges McGEE and ERVIN concur.