HUNTER, JR., ROBERT N., Judge.
Respondent appeals from orders terminating her parental rights to her minor children, T.D. ("Thomas") and J.D. ("Jackson").[1] Because we cannot discern from the record on appeal whether respondent received ineffective assistance from her trial counsel during the proceedings to terminate her parental rights, we remand to the trial court for a hearing on this issue.
Respondent has a long history of abusing controlled substances, entering and completing substance abuse programs, but then relapsing. Orange County Department of Social Services ("DSS") initiated the underlying juvenile case on 17 September 2012 by filing a petition alleging Thomas and Jackson were neglected and dependent juveniles. Respondent had been arrested for driving while impaired by cocaine and failing to properly restrain the children in her car. DSS did not seek to obtain non-secure custody of the juveniles, as respondent voluntarily placed them with a friend ("Ms.Gomez"). The trial court heard the petitions on 1 November 2012 and entered an order adjudicating the children to be dependent juveniles. The court continued custody of the juveniles with respondent, subject to their placement with Ms. Gomez, and ordered respondent to participate in drug treatment therapy and in the Family Drug Treatment Court if accepted into the program.
Respondent successfully engaged in her drug treatment therapy, and the juveniles returned to her home in August 2013. Respondent graduated from Family Drug Treatment Court in February 2014, and she continued working with DSS to monitor her ability to abstain from illicit substances with less formal support. By order entered after a permanency planning hearing on 15 May 2014, the trial court closed the case for further review and relieved DSS and the guardian ad litem of further responsibility.
However, in the spring of 2014, respondent showed signs she misused prescribed pain medication. In July 2014, she began using marijuana. Although respondent re-engaged with her substance abuse therapy providers, she relapsed in September 2014 and used crack cocaine. On 10 September 2014, DSS obtained non-secure custody of the juveniles and filed new juvenile petitions alleging Thomas and Jackson were neglected and dependent juveniles. The trial court entered an adjudication and disposition order on 22 December 2014, adjudicating the children to be dependent juveniles. Respondent entered and left multiple inpatient drug treatment programs between October 2014 and January 2015. Doctors diagnosed respondent with depression and post-traumatic stress disorder. Doctors admitted her to an adult psychiatric unit at the University of North Carolina, where she began experiencing suicidal ideation and auditory hallucinations, which were treated by adjusting some of her medications.
After a permanency planning hearing on 15 January 2015, the trial court entered orders setting the permanent plan for the juveniles as adoption with a concurrent plan of custody with a parent. The court directed respondent to attend a residential substance abuse treatment program and comply with all recommended treatments. The court ordered DSS to prepare and file motions to terminate respondent's parental rights if she failed to commit to the residential treatment program or if she produced a positive drug screen prior to entering the program.
Respondent did not enter any inpatient treatment program and failed to contact DSS regarding her case or her children. On 20 February 2015, DSS filed motions to terminate respondent's parental rights to Thomas and Jackson on the grounds of neglect and dependency. See N.C. Gen.Stat. § 7B-1111(a)(1), (6) (2015). After a hearing on 20 August 2015, the trial court entered orders on 9 September 2015 terminating respondent's parental rights based on the grounds alleged in the motions. Respondent filed timely written notices of appeal.
Respondent's sole argument on appeal is she received a fundamentally unfair hearing because her trial counsel failed to assist her in defending against the termination of her parental rights to the juveniles. Respondent contends she received ineffective assistance of counsel when her appointed counsel did not advocate on her behalf during the hearing to terminate her parental rights. We remand for further findings of fact regarding counsel's representation in this matter.
" 'When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.' " In re K.N., 181 N.C.App. 736, 741, 640 S.E.2d 813, 817 (2007) (quoting Santosky v. Kramer, 455 U.S. 745, 753-54, 71 L.Ed.2d 599, 606 (1982) ). The procedures established by the North Carolina Juvenile Code for terminating parental rights provide "[p]arents have a statutory right to counsel in all proceedings dedicated to the termination of parental rights. This statutory right includes the right to effective assistance of counsel." In re Dj.L., 184 N.C.App. 76, 84, 646 S.E.2d 134, 140 (2007) (internal citations and quotation marks omitted); see also N.C. Gen.Stat. §§ 7B-1101.1, 1109(b) (2015). "A claim of ineffective assistance of counsel requires the respondent to show that counsel's performance was deficient and the deficiency was so serious as to deprive the represented party of a fair hearing." In re Oghenekevebe, 123 N.C.App. 434, 436, 473 S.E.2d 393, 396 (1996).
Respondent argues her counsel's total failure to advocate on her behalf is evident in that her counsel: (1) uttered fewer than fifty words during the entire termination hearing, most of which were irrelevant to the proceeding; (2) did not introduce any evidence at either the adjudication or the disposition stage of the hearing; and (3) never objected to the trial court finding termination of parental rights in the juveniles' best interests. Respondent contends her counsel made absolutely no contribution to the proceedings and in no way advocated on her behalf at the hearing. See In re S.N.W., 204 N.C.App. 556, 560, 698 S.E.2d 76, 79 (2010) ("It is well established that attorneys have a responsibility to advocate on the behalf of their clients.").
Respondent's characterizations of her trial counsel's actions, or lack thereof, over the course of the nineteen-minute hearing to terminate her parental rights are fully supported by the record before us. The record raises serious questions as to whether respondent was afforded the proper procedures to ensure her rights were protected during the hearing. We note this is not a case where respondent was absent from the hearing; indeed, counsel's longest statement to the trial court during the hearing was when she stated respondent would like to address the court. Counsel also did not state he was unable to contact respondent while trying to prepare for the hearing. As a result, he may not have known how respondent wished to proceed at the hearing. Nonetheless, we are hesitant to hold that counsel's relative silence during the hearing constitutes per se ineffective assistance of counsel. Cf. State v. Taylor, 79 N.C.App. 635, 637, 339 S.E.2d 859, 861 (1986) ("While we find the absence of positive advocacy at the sentencing hearing troublesome, we do not believe we can hold, on this record, that it constituted deficient performance prejudicial to the defendant."). Accordingly, we remand for a determination by the trial court whether counsel's representation of respondent at the termination of parental rights hearing constitutes deficient performance, and if so, whether the deficient performance prejudiced respondent such that she is entitled to a new termination of parental rights hearing.
REMANDED.
Judges ELMORE and McCULLOUGH.
Report per Rule 30(e).

We use pseudonyms throughout for ease of reading and to protect the juveniles' privacy.