**Amos Lee KING, Jr., Petitioner-Appellant,**

v.

**Charles G. STRICKLAND, Jr., Warden, Florida State Penitentiary, Louis L. Wainwright, and Jim Smith, Attorney General, Respondents-Appellees.**

No. 82–5306.

United States Court of Appeals, Eleventh Circuit.

Dec. 3, 1984.

Baya Harrison, III, Tallahassee, Fla., for petitioner-appellant.

Michael J. Kotler, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

Amos Lee King, Jr. was convicted of first degree murder and sentenced to death

in Florida. After state procedures were completed, the federal district court subsequently denied his petition for a writ of habeas corpus. We affirmed the district court on all issues related to the conviction but reversed the failure to grant relief as to the death sentence on the ground that counsel was ineffective during the penalty phase. The case was remanded for entry of an appropriate writ that would lead to resentencing. *King v. Strickland*, 714 F.2d 1481 (11th Cir.1983). The Supreme Court, —— U.S. ——, 104 S.Ct. 2651, 81 L.Ed.2d 358, vacated our judgment and remanded for further consideration in light of its decision in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Having applied the principles announced in *Washington*, we adhere to our earlier decision.

The facts are more fully set forth in our previous opinion. 714 F.2d at 1484. King was convicted of the first degree murder of Natalie Brady, robbery of her home, arson, involuntary sexual battery, attempted murder of a prison counselor and escape from prison. The Florida Supreme Court affirmed a death sentence, *King v. State*, 390 So.2d 315 (Fla.1980), *cert. denied*, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981). The state courts denied collateral relief. *King v. State*, 407 So.2d 904 (Fla.1981).

The question before us is whether the Supreme Court's holding in *Strickland v. Washington* requires a decision that King received effective assistance of counsel at his sentencing. The Court has considered the supplemental briefs of the parties on the point.

■ Counsel's failure to render adequate legal assistance can deprive a criminal defendant of the Sixth Amendment right to counsel. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A claim of ineffectiveness must establish that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*, —— U.S. —— at ——–——, 104 S.Ct. at 2063–65, 80 L.Ed.2d at 692–93. A capital sentencing hearing is sufficiently similar to a trial to require the same protection for the defendant. *Id.* at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The *Washington* Court held that a claim of ineffective assistance of counsel has two components. *First*, a defendant must show that counsel's performance was deficient by identifying specific acts and omissions. Counsel's conduct, viewed as of the time of the actions taken, must have fallen outside of a wide range of reasonable professional assistance. In assessing a right to counsel's claim, an attorney's actions are strongly presumed to have fallen within that range, and a court must examine counsel's conduct without the use of judicial hindsight.

■ *Second*, the defendant must show that the deficient performance was prejudicial. The *Washington* Court followed a standard that requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A defendant challenging a death sentence must show that without the error there is a reasonable probability that "the balance of aggravating and mitigating circumstances did not warrant death." *Id.* A defendant's failure to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.

In applying the standards of *Washington*, we note that they differ little from the standards applied in our initial decision in this case. We recognized that King had the burden of establishing both ineffectiveness and prejudice, that the proper standard for attorney performance is that of "reasonably effective assistance," that the totality of the circumstances should be reviewed, that specific acts and omissions of counsel must be identified, and that strategic decisions made by counsel after a reasonable investigation into the alternatives deserve deference. Nevertheless, we concluded that King's attorney's failure to

present available character witnesses in mitigation and his weak closing argument constituted both an unreasonable professional performance by the attorney and impermissible prejudice to King, thereby denying him effective assistance of counsel at the penalty stage of his trial.

The totality of the circumstances of this case differs markedly from that in *Washington*. *Washington* involved questioning the performance of an experienced criminal lawyer, but King's attorney at the capital sentencing, Thomas Cole, had never tried a capital case before and was unassisted during the penalty phase. Counsel and defendant in *Washington* had discussed the defendant's background in preparation for the sentencing hearing, but Cole admitted that he had had no such discussion with his client nor had he searched carefully for mitigating evidence. Counsel in *Washington* made the strategic choice to argue that his client was under severe emotional distress and to rely on his client's expression of remorse before a judge who had a tendency to be more lenient toward remorseful defendants. This Court determined that the record reflects Cole's failure to present additional available character witnesses as mitigating evidence was not a strategic decision taken after reasonable investigation.

*Washington* was a case of clear guilt based on confessions and pleas of guilt to three capital murder charges. King was convicted on circumstantial evidence which however strong leaves room for doubt that a skilled attorney might raise to a sufficient level that, though not enough to defeat conviction, might convince a jury and a court that the ultimate penalty should not be exacted, lest a mistake may have been made. In closing argument at the sentencing hearing, counsel in *Washington* tried to humanize his client by emphasizing his remorse and acceptance of his responsibility, his lack of a previous criminal history, and the presence of extreme mental or emotional disturbance at the time the crimes were committed. Cole's closing argument served only to dehumanize his client. Cole's emphasis on the reprehensible nature of the crime and indications that he had reluctantly represented the defendant were delivered in a manner that probably caused his client more harm than good. In *Washington*, there was no testimony in the record to support the claim of counsel's deficiency. King presented two experienced criminal lawyers who supported his claim that Cole's performance was inadequate. In sum, a comparison of the totality of the circumstances in *Washington* with that in the case before us reflects two very different levels of professional conduct.

The State's supplemental argument suggests that we should reconsider matters fully addressed in our prior opinion. We have already determined that Cole's failure to present other mitigating evidence "cannot be deemed a strategic decision taken after a reasonable investigation into the alternatives." 714 F.2d at 1490. We have already decided that Cole's closing argument "unnecessarily stressed the horror of the crime and counsel's status as an appointed representative." *Id.* at 1491. The reconsideration on remand from the Supreme Court requires us to apply the legal standard set in *Washington*, not to conduct another review of the facts of this case.

■ We conclude that King has satisfied both the performance and the prejudice prongs of the *Washington* standard. The two specific deficiencies in Cole's conduct at the sentencing hearing both fell outside the range of reasonable professional assistance. Cole's attempt to separate himself from his client in closing argument represents a breach of his duty of loyalty to his client stressed by the Supreme Court. *Washington*, —— U.S. —— at ——, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. King has established that Cole's errors were prejudicial to his defense. Circumstantial evidence cases are always better candidates for penalty leniency than direct evidence convictions. *Cf. Washington*, at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 699 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). There is a sufficient

probability that effective counsel could have convinced a sentencer that the death sentence should not be given to undermine confidence in the outcome. Resentencing is constitutionally required.

Upon reconsideration in light of *Washington v. Strickland,* the district court's denial of the petition for habeas corpus relief is reversed as to the death penalty. The prior opinion of this Court is reinstated. The case is remanded to the district court for entry of an appropriate writ.

AFFIRMED in PART, REVERSED in PART and REMANDED.