STATE OF NORTH CAROLINA v. GERARD DAVIDSON

No. 8527SC373

(Filed 29 October 1985)

1. **Kidnapping § 1.2— kidnapping pursuant to robbery—evidence sufficient**

   There was sufficient evidence of a separate confinement and restraint to satisfy G.S. 14-39 where the perpetrators, including defendant, forced the victims at gunpoint to walk from the front of a store some thirty to thirty-five feet to a dressing room in the rear where they bound them with tape and robbed both them and the store, none of the property was kept in the dressing room, and it was not necessary to move the victims there in order to commit the robbery. Removal of the victims to the dressing room thus was not an inherent and integral part of the robbery.

2. **Constitutional Law § 48— sentencing hearing—ineffective assistance of counsel**

   A defendant convicted of kidnapping, armed robbery, and conspiracy did not have effective assistance of counsel at his sentencing hearing where counsel offered no argument in defendant's favor, made no plea for findings of mitigating factors, failed to argue for reduced punishment on the basis that defendant was not the armed participant, failed to suggest any favorable or mitigating aspects of defendant's background, failed to advocate leniency, implied that defendant had lied to him by noting that information defendant furnished him was inconsistent with the information furnished by the State,

performed a prosecutorial function by informing the court that defendant had just completed a sentence for armed robbery, and disparaged defendant before the court by berating him for refusing a plea bargain.

APPEAL by defendant from *Friday, Judge.* Judgments entered 17 October 1984 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 18 October 1985.

Defendant was tried on indictments charging him with five counts of kidnapping, three counts of armed robbery and one count of criminal conspiracy. The State's evidence tended to show, in pertinent part, that:

On the afternoon of 3 August 1984 defendant and two accomplices entered the Clothesline clothing store in Kings Mountain while a fourth accomplice waited in a car outside. The owner of the store was present, as were an employee and one customer. All three were forced at gunpoint to go from the front of the store to a dressing room in the rear some thirty to thirty-five feet away. One of defendant's accomplices brandished a gun. The victims' heads, arms and legs were taped, and their money and jewelry were taken. Another customer who entered the store with her child also was led at gunpoint to the dressing room and bound. Defendant and his accomplices took money from the cash register and merchandise from the tables and then departed.

The jury returned verdicts of guilty of four counts of kidnapping, three counts of armed robbery, and one count of conspiracy. Defendant appeals from judgments of imprisonment for one year on the conspiracy charge and forty years on the kidnapping and armed robbery charges.

*Attorney General Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends there was insufficient evidence of separate confinement and restraint to satisfy N.C. Gen. Stat. 14-39, the kidnapping statute, and that the court thus should have granted his motion to dismiss the kidnapping charges. We disagree.

N.C. Gen. Stat. 14-39 provides, in pertinent part:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

. . .

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . .

A restraint which is an inherent, inevitable element of a felony such as armed robbery will not sustain a separate conviction for kidnapping under N.C. Gen. Stat. 14-39(a). *State v. Irwin*, 304 N.C. 93, 102-03, 282 S.E. 2d 439, 446 (1981). In *Irwin*, during an attempted armed robbery defendant forced a drugstore employee at knifepoint to walk from the front cash register to the back of the store in the general area of the prescription counter and the safe. *Id.* at 103, 282 S.E. 2d at 446. The Court stated:

[The victim's] removal to the back of the store was an inherent and integral part of the attempted armed robbery. To accomplish defendant's objective of obtaining drugs it was necessary that [the victim] go to the back of the store to the prescription counter and open the safe. Defendant was indicted for the attempted armed robbery of [the victim]. [Her] removal was a mere technical asportation and insufficient to support conviction for a separate kidnapping offense.

*Id.* The Court reasoned that "[t]o permit separate and additional punishment where there has been only a technical asportation, inherent in the other offense perpetrated, would violate a defendant's constitutional protection against double jeopardy." *Id.*

Where removal is separate and apart from the commission of another felony, however, N.C. Gen. Stat. 14-39(a) allows conviction and punishment for both crimes. In *State v. Newman*, 308 N.C. 231, 302 S.E. 2d 174 (1983), the defendants abducted a woman from a shopping center parking lot and forced her into nearby woods where one of the defendants raped her. The Court stated:

State v. Davidson

Removal of [the victim] from her automobile to the location where the rape occurred was not such asportation as was inherent in the commission of the crime of rape. Rather, it was a separate course of conduct designed to remove her from the view of a passerby who might have hindered the commission of the crime. To this extent, the action of removal was taken for the purpose of facilitating the felony of first-degree rape. Thus, defendant's conduct fell within the purview of G.S. 14-39 and the evidence was sufficient to sustain a conviction of kidnapping under that section.

*Id.* at 239-40, 302 S.E. 2d at 181.

Here the perpetrators, including defendant, forced the victims at gunpoint to walk from the front of the store some thirty to thirty-five feet to a dressing room in the rear where they bound them with tape and robbed both them and the store. Since none of the property was kept in the dressing room, it was not necessary to move the victims there in order to commit the robbery. Removal of the victims to the dressing room thus was not an inherent and integral part of the robbery. Rather, as in *Newman,* it was a separate course of conduct designed to remove the victims from the view of passersby who might have hindered the commission of the crime. The evidence thus was sufficient under N.C. Gen. Stat. 14-39 to sustain the kidnapping convictions, and the court properly denied defendant's motion to dismiss the kidnapping charges.

As a part of his argument that the court should have allowed the motion to dismiss the kidnapping charges, defendant contends that the court instructed the jury improperly regarding the kidnapping offenses. There was, however, no objection to the instructions at trial as required by N.C.R. App. P. 10(b)(2). Further, the record contains neither an exception to the instructions nor an assignment of error supporting this argument. Review on appeal is confined to a consideration of exceptions in the record which are made the basis of assignments of error. N.C.R. App. P. 10(a). We thus decline to consider this argument.

[2] Defendant contends he is entitled to a new sentencing hearing because he was denied effective assistance of counsel at his initial hearing. We are constrained to agree.

To prevail in this argument defendant must show that his counsel's conduct fell below an objective standard of reasonableness. *State v. Braswell,* 312 N.C. 553, 561-62, 324 S.E. 2d 241, 248 (1985), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). He must satisfy the following two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's error[s] were so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable.*

*Braswell* at 562, 324 S.E. 2d at 248, *quoting Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984). "[E]ven an unreasonable error . . . does not warrant reversal . . . unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Id.* at 563, 324 S.E. 2d at 248.

In *Strickland* the United States Supreme Court expressly did "not consider the role of counsel in an ordinary [*i.e.,* non-capital] sentencing." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed. 2d at 693. That Court previously had stated generally, however, albeit in a capital case, that "sentencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel." *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed. 2d 393, 402 (1977). Other federal courts have stated, in non-capital cases, that the right to be represented by counsel and the related right to effective assistance of counsel "are fully applicable at a sentencing hearing, which has been called a 'critical stage' of the criminal proceeding." *E.g., Golden v. Newsome,* 755 F. 2d 1478, 1482 (11th Cir. 1985). This Court has applied the *Strickland* "rule of reasonableness based on the totality of the circumstances" to the sentencing stage of a criminal proceeding. *State v. Crain,* 73 N.C. App. 269, 272-73, 326 S.E. 2d 120, 123 (1985). Clearly sentencing is a critical stage of a criminal proceeding to which the right to effective assistance of counsel applies.

Here the totality of the representation by defense counsel at the sentencing hearing (not present counsel) consisted of the following statement to the court:

Your Honor, every now and then you get appointed in a case where you have very little to say and this is one of them. I have talked to [the defendant] in the jail on three or four occasions. I talked to him, as you know, in the lock up before the trial began. The information that he has furnished me is not consistent with other information available to the State and information furnished me by [the prosecuting attorney] with regard to the man's criminal record. He has just completed doing a ten year sentence, he tells me, for armed robbery and he did not make me aware of that until after [the prosecuting attorney] had furnished me certain materials that he had available to him.

As you very well know, I begged and pleaded with him to take a negotiated plea. He was not willing to do that. I informed this Court before the trial began and the record reflects that I did not think that he had any available, reasonable defense under the law of this state; consequently, I had very little to say.

And, unless he would care to make a statement, I've said all I care to.

This statement was altogether lacking in positive advocacy. Counsel offered no argument in defendant's favor, made no plea for findings of mitigating factors, failed to argue for reduced punishment on the basis that defendant was not the armed participant, failed to suggest any favorable or mitigating aspects of defendant's background, and failed even to advocate leniency. More significant, the representation consisted almost exclusively of commentary entirely negative to defendant. Counsel noted that information defendant furnished him was inconsistent with information furnished by the State, thereby implying that defendant had lied to him. Counsel informed the court that defendant had just completed a sentence for armed robbery, thereby performing a prosecutorial function. Counsel berated defendant for refusing a plea bargain, thereby disparaging him before the court.

Such representation falls " 'far short of the requirement that reasonably adequate assistance in fact be rendered.' " *Blake v. Kemp,* 758 F. 2d 523, 533 (11th Cir. 1985) (quoting the District Court opinion which the appellate court affirmed). It is "so deficient as to amount in every respect to no representation at all." *Id.* It "probably caused [the] client more harm than good." *King v. Strickland,* 748 F. 2d 1462, 1464 (11th Cir. 1984), *cert. denied,* --- U.S. ---, 105 S.Ct. 2020, 85 L.Ed. 2d 301 (1985).

"[Z]ealous advocacy is as necessary at sentencing as at trial. . . . [T]he posture of the defense attorney at sentencing should fundamentally be that of an advocate. . . . [T]he defendant . . . deserve[s] . . . the most effective statement possible . . . in light of the available dispositional opportunities." 3 American Bar Association Standards for Criminal Justice at 18-438, 439 (2d ed., 1982 Supp.). A declaration which fails altogether to articulate the positive, stresses counsel's status as an appointed representative, and presents defendant in an entirely negative light, cannot constitute either the effective statement suggested by these standards or the effective representation required by the Sixth Amendment. If resourceful preparation reveals nothing positive to be said for a criminal defendant, at the very least effective representation demands that counsel refrain from making negative declamations.

It is inconceivable that retained counsel, in the presence of a paying client or others funding the representation, would make a sentencing statement like the one made here. The criteria for effective representation are in no way diminished by defendant's status as an indigent.

We hold that defendant has satisfied both the performance and the prejudice prongs of the *Washington-Braswell* standard. Counsel's "attempt to separate himself from his client in [the sentencing] argument represented a breach of his duty of loyalty to his client stressed by the [U.S.] Supreme Court." *King,* 748 F. 2d at 1464, citing *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed. 2d at 694. "The Sixth Amendment recognizes the right to counsel because effective counsel plays a role that is critical to the ability of the adversarial system to produce just results." *Golden,* 755 F. 2d at 1484. The total breakdown in the adversary process at the sentencing stage of defendant's trial has rendered

the justice of his sentence unreliable. *See id.* There is a considerable probability that the sentencing argument, which contained no positive advocacy and much negative, had an adverse impact on the sentencing authority. The probability that effective counsel could have convinced the court to issue a lesser sentence is sufficient to undermine our confidence in the outcome. *See King*, 748 F. 2d at 1464-65. Accordingly, the sentences are vacated, and the case is remanded for resentencing.

No error in the trial; sentences vacated; remanded for resentencing.

Judges EAGLES and COZORT concur.