STATE OF NORTH CAROLINA, v. SEAN DERRICK WARREN

No. COA95-999

(Filed 18 June 1996)

**Kidnapping and Felonious Restraint § 18 (NCI4th)— restraint or removal of victims separate from robbery—sufficiency of evidence of first- and second-degree kidnapping**

The removal of the victims of a convenience store armed robbery to a storage area and hallway at the rear of the store was not an inherent part of the robbery and supported defendant's convictions of first-degree and second-degree kidnapping where the areas to which the victims were removed did not contain safes, cash registers or lock boxes which held property to be taken in the robbery, and the victims were exposed to greater danger than that inherent in the armed robbery itself and were subjected to

the kind of danger and abuse the kidnapping statute was designed to prevent.

**Am Jur 2d, Abduction and Kidnapping § 49.**

**Seizure or detention for purpose of committing rape, robbery, or similar offense as constituting separate crime of kidnapping. 43 ALR3d 699.**

Appeal by defendant from judgment entered 6 April 1995 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 14 May 1996.

*Michael F. Easley, Attorney General, by John C. Sullivan, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Charles L. Alston, Jr., Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

Sean Derrick Warren appeals from convictions of first and second degree kidnapping. We find no error.

The evidence at trial tended to show that defendant, Steven Boyd, and two females entered the Handy Pantry on Spring Garden Street in Greensboro, North Carolina and attacked the store clerk, Charles Sicola, Jr., and a customer, William Linton. During this encounter, defendant punched Mr. Sicola in the face, breaking his nose. Defendant and Boyd then forced the victims to the rear of the store where Mr. Sicola was forced into a storage area in front of the district manager's office and Mr. Linton was "put . . . in the hallway." Subsequently, the assailants hit Mr. Sicola on top of his head with a gun and choked him around his neck with a chain causing him to temporarily lose consciousness. Once Mr. Sicola regained consciousness, one of the assailants placed a gun to his head and stated:

Can you feel this? Do you know what it is? You can see we ain't playing now, so just shut up. I don't want to even hear you breathe.

While defendant and Boyd were in the rear of the Handy Pantry, the two female accomplices took money and six thousand dollars in money orders from the cash register at the front of the store. After the robbery, defendant and Boyd ran out the back door.

At trial, the jury rendered verdicts of guilty of one count of first degree kidnapping, one count of second degree kidnapping, and one count of robbery with a dangerous weapon. From a sentence of eighty years in prison, the defendant appeals.

---

The issue on appeal is whether defendant's first and second degree kidnapping convictions must be overturned because the element of restraint or removal of the victims in this case was an inherent part of the robbery conviction. We find no error.

N.C. Gen. Stat. § 14-39 (1988) sets forth the essential elements of kidnapping:

a) Any person who shall unlawfully confine, restrain or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

Our Supreme Court has held that a conviction for kidnapping requires restraint or removal more than that which is an inherent, inevitable part of the commission of another felony. *State v. Irwin*, 304 N.C. 93, 102-03, 282 S.E.2d 439, 446 (1981). The Court construed N.C.G.S. § 14-39 in this manner so as to avoid "punish[ing a defendant] twice for essentially the same offense, violating the constitutional prohibition against double jeopardy." *Id.* at 102, 282 S.E.2d at 446.

In determining whether the restraint present in a given case is more than that which is an inherent or inevitable part of another

felony, "[t]he key question is whether the victim is exposed to greater danger than that inherent in the armed robbery itself or 'subjected to the kind of danger and abuse the kidnapping statute was designed to prevent.'" *State v. Johnson*, 337 N.C. 212, 221, 446 S.E.2d 92, 98 (1994), quoting *Irwin*, 304 N.C. at 103, 282 S.E.2d at 446.

In *State v. Joyce*, 104 N.C. App. 558, 410 S.E.2d 516 (1991), *cert. denied*, 331 N.C. 120, 414 S.E.2d 764 (1992), this Court in upholding the denial of defendant's motion to dismiss kidnapping charges stated:

> All victims in the case at bar were moved from one room to another room where they were confined. The removals were not an integral part of the crime nor necessary to facilitate the robberies, since the rooms where the victims were ordered to go did not contain safes, cash registers or lock boxes which held property to be taken.

*Id.* at 567, 410 S.E.2d at 521; *see also State v. Davidson*, 77 N.C. App. 540, 335 S.E.2d 518 (1985), *cert. denied*, 315 N.C. 393, 338 S.E.2d 882 (1986) (holding that there was sufficient evidence to establish kidnapping where perpetrators forced victims at gunpoint to the rear of the store where none of the property was kept and it was not necessary to move victims there in order to commit the robbery).

We find the case *sub judice* closely akin to *Joyce* and *Davidson*. Here, the removals by defendant were not an integral part of the crime nor necessary to facilitate the robbery. Indeed, as in *Joyce*, the rooms where the victims were ordered to go did not contain safes, cash registers or lock boxes which held property to be taken. 104 N.C. App. 567, 410 S.E.2d 521.

Moreover, the victims in this case were exposed to greater danger than that inherent in the armed robbery itself and subjected to the kind of danger and abuse the kidnapping statute was designed to prevent. *Irwin*, 304 N.C. at 103, 282 S.E.2d at 446. The record on appeal indicates that defendant and his accomplice forced Mr. Sicola and Mr. Linton to storage areas in the rear of the store; defendant broke Mr. Sicola's nose; defendant or his accomplice choked Mr. Sicola with a chain until he was unconscious (defendant also testified at trial that Mr. Sicola was stabbed with a knife); and defendant hit Mr. Sicola so severely on the head that he had fourteen to twenty staples placed in his head to stitch up his wounds.

We find this evidence sufficient to withstand a motion to dismiss the first and second degree kidnapping charges. Accordingly, we find no error.

No error.

Judges JOHNSON and SMITH concur.