An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-396

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.

JAMAL LABAR FLOYD,

Mecklenburg County
No. 07 CRS 234510-16

Appeal by defendant from judgment entered 24 May 2012 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 September 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Daniel Snipes Johnson, for the State.*

*James N. Freeman, Jr., for defendant-appellant.*

STEELMAN, Judge.

The trial court did not err in denying defendant's motion to dismiss based upon an alleged speedy trial violation. Where defendant's actions in restraining his victims were separate and apart from those inherent in the crime of robbery, the trial court did not err in denying defendant's motion to dismiss the charge of kidnapping. There was evidence in the record that

supported the trial court's instructions to the jury on flight and how to consider a statement made by defendant.

## I. Factual and Procedural Background

On 26 June 2007, a black man wearing a black bandanna, dreadlocks, and no shirt entered the Aga Thyme store in Charlotte, ordering three women to put their hands up and show him where the money was. Of his face, only his eyes were visible. As he led the women to the rear of the store to retrieve the cashbox, one of the women, Julianna Canfield, observed that what she thought was a gun was a pipe covered in tin foil. After the man took the money from the cashbox, he asked about the location of the bathroom. He instructed the women to go into the bathroom. The women waited, and after hearing nothing for several minutes, they opened the bathroom door and called the police.

Officers with the Charlotte Mecklenburg Police Department (CMPD) arrived at the scene in response to reports of a black man without a shirt behind a nearby shopping center. When they arrived, the employees of Aga Thyme informed them of the robbery. Officer Ashley Edmondson was on patrol when she heard the report of the robbery and the description of the suspect. As she was driving towards the store, she observed a black man

with dreadlocks in blue jeans, but when she approached him, he fled.

On 27 June 2007, CMPD patrol officers arrested a suspicious black man in a camouflage hoodie, who identified himself as Jamal Floyd (defendant). While being arrested, defendant stated that he did not do it, but that he knew who did and where the money was.

On 9 July 2007, Canfield was asked by police to identify the robber from a photographic lineup. She identified defendant as the robber.

On 4 September 2007, defendant was indicted for two counts of robbery with a dangerous weapon, four counts of attempted robbery with a dangerous weapon, three counts of second-degree kidnapping, and one count of assault on a female. On 6 May 2008, defendant was taken into custody, and released on bond on 20 February 2009. In February of 2011, defendant was again arrested and charged with unrelated criminal activity committed in 2008. Defendant remained in custody until trial.

On 12 March 2012, defendant filed a motion to dismiss for violation of his right to a speedy trial.[1] On 29 March 2012, the trial court denied this motion.

---

[1] Defendant contends that a previous motion for speedy trial was

On 24 May 2012, a jury found defendant guilty of one count of common law robbery, two counts of attempted common law robbery, three counts of second-degree kidnapping, and assault on a female. The trial court sentenced defendant to two consecutive terms of 29-44 months imprisonment, with a third sentence of the same duration suspended for thirty months with 11 months of that sentence to be active.

Defendant appeals.

## II. Right to a Speedy Trial

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss based upon a violation of his right to a speedy trial. We disagree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"The standard of review for alleged violations of constitutional rights is *de novo*." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009), *appeal dismissed and disc. review denied,* 363 N.C. 857, 694 S.E.2d 766 (2010); *see*

---

filed in July of 2010, but had never been heard. The trial court acknowledged this in its findings. However, no such motion is found in the record.

*also Piedmont Triad Reg'l Water Auth. v. Sumner Hills Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001) ("[D]e novo review is ordinarily appropriate in cases where constitutional rights are implicated.").

## B. Analysis

In the case of *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth a four-part test for determining if a defendant had been denied his constitutional right to a speedy trial. These four elements are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to defendant resulting from the delay. *Barker* at 530-32, 33 L. Ed. 2d at 117-18. Our Supreme Court held that this analysis applies when a defendant asserts a violation of North Carolina's speedy trial law. *State v. Grooms*, 353 N.C. 50, 62, 540 S.E.2d 713, 721 (2000). There is no exact calculus in balancing these factors; rather, they are to be considered together on a case-by-case basis, with no one factor being outcome-determinative. *State v. Washington*, 192 N.C. App. 277, 282-83, 665 S.E.2d 799, 803 (2008). If a defendant establishes

that the factors weigh in his favor, the charges against him should be dismissed. *Id*. at 297-98, 665 S.E.2d at 812.

The first of the four *Barker* factors is the length of the delay. In the instant case, defendant was arrested and indicted in 2007, and tried in 2012. We have previously held that "[a] defendant's right to a speedy trial attaches upon being formally accused of criminal activity, by arrest or indictment. The period relevant to speedy trial analysis ends upon trial. If the length of delay approaches one year, we examine the remaining three factors in *Barker*." *State v. Friend*, ___ N.C. App. ___, ___, 724 S.E.2d 85, 90 (2012) (citations omitted). Since the delay in this case was approximately five years, we must examine the remaining *Barker* factors.

With regard to the second *Barker* factor, the reason for the delay, defendant bears the burden of "presenting *prima facie* evidence that the delay was caused by the neglect or willfulness" of the State. *Washington*, 192 N.C. App. at 283, 665 S.E.2d at 804. In the instant case, the trial court found:

> 9. That during the period of 2008 through 2012 the Defendant has had, for various reasons, three attorneys representing him, including his current attorney appointed in August of 2011.
>
> 10. That one of his previous attorneys was allowed to withdraw as a result of a

complaint made by the Defendant to the State Bar giving rise to an inability of the attorney to adequately represent the Defendant.

11. That in addition the Defendant's cases were delayed for approximately nine months as a result of a medical leave taken by the attorney originally appointed to represent the Defendant.

12. That these matters have been scheduled for multiple pre-trial readiness conferences with the various attorneys representing the Defendant.

. . .

17. That the reasons for the delay in the trial of all of the Defendant's charges include the change of attorneys by the Defendant, the medical leave by a previous attorney, the failure of the cases to be reached on the trial calendar, efforts by the State to try matters involving Defendants who are in [sic] incarcerated rather than released on bond (including electronic monitoring) and the general backlog of criminal Superior Court cases.

In reviewing the trial court's findings with regard to the reasons for the delay, it appears that while some of the delay may have been caused by the actions or inaction of the State, a substantial amount of the delay was caused by defendant's decision to change lawyers, defense counsel's medical leave, and the unfortunate backlog of cases in our state's Superior Courts. We hold therefore that the delay was not caused primarily by the

neglect or willfulness of the State, and the trial court did not err in so holding.

With regard to the third factor, defendant's assertion of his right to a speedy trial, our Supreme Court has held that a "[d]efendant's failure to assert his right to a speedy trial, or his failure to assert his right sooner in the process, does not foreclose his speedy trial claim, but does weigh against his contention[.]" *Grooms*, 353 N.C. at 63, 540 S.E.2d at 722. In the instant case, the trial court found:

> 15. That in July of 2010 a separate motion for speedy trial was filed by a previous attorney for the Defendant but was not heard by the Court.
>
> 16. That it is unknown to the State or the Defendant's attorney why the previously filed motion for a speedy trial was not heard.

The trial court further observed that defendant's present "motion for a speedy trial, motion to dismiss were properly noticed and before the Court."

In *Grooms*, the defendant's assertion of his right to speedy trial came nearly three years after indictment, and the Court held that this delay weighed against his claim. In the instant case, as in *Grooms*, we hold that this three-year delay weighs against defendant.

With regard to the fourth factor, prejudice to defendant resulting from the delay, the trial court made no findings. Defendant contends that he was prejudiced by the unavailability of "key witness" Kaylah Roberson, but does not suggest how her testimony would have had a probable impact on the result of the case.

In its conclusions of law, the trial court held:

> 3. That the reasons for the length of the delay were a combination of the failure of the cases to be reached on the trial calendars as well as delays resulting from Defendant's decision to change attorneys on two occasions since his original arrest and the lengthy medical leave.
>
> 4. That based on these factors the Court concludes that the delay in the trial of this matter is not due to willfulness of the State or any administrative neglect on the part of the State but rather due to a combination of factors for which both the State and the Defendant are responsible.
>
> 5. That in balancing the factors including the length of the delay, the time in which the Defendant filed this motion, the reasons for the delay and the lack of any showing of prejudice by the Defendant, the Court concludes that Defendant's constitutional right to a speedy trial has not been denied.

Despite offering arguments with regard to the *Barker* factors, defendant does not challenge the trial court's findings of fact. Findings of fact that are not challenged are binding

on appeal. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

We hold that (1) the delay was presumptively prejudicial, meriting an examination of the other *Barker* factors; (2) the State's willful or negligent actions were not the cause of the delay; (3) defendant's three-year delay in asserting his right to speedy trial weighs against him; and (4) defendant has not adequately argued that absent the delay, the jury would have returned a different verdict. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss based upon an alleged violation of defendant's right to a speedy trial.

This argument is without merit.

### III. Motion to Dismiss

In his second argument, defendant contends that the trial court erred in denying his motion to dismiss the kidnapping charges because the restraint involved in those charges was inherent to the robbery charges. We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

## B. Analysis

Our Supreme Court has held that the "restraint" which is "an inherent, inevitable element of another felony, such as armed robbery or rape," cannot support the offense of kidnapping, thus permitting conviction and punishment for both crimes arising from a single act. *State v. Irwin*, 304 N.C. 93, 102, 282 S.E.2d 439, 446 (1981). Rather, that "restraint" needed to constitute a kidnapping must be separate and apart from that inherent in the commission of another felony. *State v. Johnson*, 337 N.C. 212, 221, 446 S.E.2d 92, 98 (1994).

Defendant relies on *Irwin*, in which the defendant forced the victim at knifepoint to walk to the prescription counter and safe. In that case, the Supreme Court held that the victim's removal to the safe at the back of the store was an integral part of the attempted robbery, the objective of which was to obtain drugs.

In the instant case, however, defendant did more than merely remove the women to the back of the store while he opened the cashbox. Having completed the robbery, he then removed them to the bathroom. These facts are similar to those in *State v. Davidson*, 77 N.C. App. 540, 335 S.E.2d 518, *disc. review denied*, 314 N.C. 670, 337 S.E.2d 583 (1985). In *Davidson*, defendant,

while robbing a store, removed the occupants of the store to a dressing room.  We held that:

> Since none of the property was kept in the dressing room, it was not necessary to move the victims there in order to commit the robbery. Removal of the victims to the dressing room thus was not an inherent and integral part of the robbery. Rather, as in *Newman*, it was a separate course of conduct designed to remove the victims from the view of passersby who might have hindered the commission of the crime. The evidence thus was sufficient under N.C. Gen. Stat. 14-39 to sustain the kidnapping convictions, and the court properly denied defendant's motion to dismiss the kidnapping charges.

*Davidson* at 543, 335 S.E.2d at 520.  *See also State v. Joyce*, 104 N.C. App. 558, 567, 410 S.E.2d 516, 521 (1991), *disc. review denied*, 331 N.C. 120, 414 S.E.2d 764 (1992) (holding that removals which were "not an integral part of the crime nor necessary to facilitate the robberies" were more comparable to *Davidson* than to *Irwin*).

Defendant contends that the kidnapping charges should have been dismissed because the women in the Aga Thyme store were not subjected to any greater danger than from the robbery by being removed to the bathroom.  Nonetheless, we are bound by the precedent found in *Davidson* and *Joyce*.  *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).  We hold that this second removal, subsequent to the completion of the robbery, was

a distinct act, separate and apart from defendant's acts integral to the robbery. We hold that the trial court did not err in denying defendant's motion to dismiss the kidnapping charges.

This argument is without merit.

## IV. Jury Instructions

In his third argument, defendant contends that the trial court erred or committed plain error by giving instructions to the jury which were not supported by the evidence. We disagree.

## A. Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence." *State v. Cameron*, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), *cert. denied*, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial." *Id.* "Where jury instructions are given without

supporting evidence, a new trial is required." *State v. Porter*, 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995).

## B. Analysis

During the jury charge conference, defendant objected to proposed jury instructions on flight and on defendant's alleged admission upon his arrest on 27 June 2007. The trial court overruled these objections and instructed the jury on flight, as follows:

> One of the circumstances that the State contends and the defendant denies in this case is that the defendant fled. I instruct you that evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether those combined circumstances amount to an admission or show a consciousness of guilt. I instruct you, however, that proof of this circumstance -- that is, a circumstance of fleeing or flight -- is not sufficient in itself to establish guilt.

Defendant argued at trial, and contends on appeal, that this instruction was erroneous, because Officer Edmondson did not positively identify defendant as the man who fled from her.

Our Supreme Court has held that "an instruction on flight is justified if there is 'some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.'" *State v. Blakeney*, 352 N.C.

287, 314, 531 S.E.2d 799, 819 (2000) (quoting *State v. Allen*, 346 N.C. 731, 741, 488 S.E.2d 188, 193 (1997)).

In the instant case, there was evidence other than Officer Edmondson's testimony that defendant expeditiously left the scene of the robbery. Specifically, evidence tended to show that the police arrived promptly, that they canvassed the area with dogs and a helicopter, and that they were unable to find the robber. Evidence that an exhaustive search failed to reveal a defendant may support a jury instruction on flight. *See State v. Patterson*, 332 N.C. 409, 420, 420 S.E.2d 98, 104 (1992) (holding that evidence of an exhaustive twelve-year police search for defendant "clearly supports the inference that the defendant was avoiding apprehension, thus supporting the instruction on flight.").

This evidence, taken as a whole, tends to show that defendant quickly fled from the scene of the robbery. Even assuming *arguendo* that Officer Edmondson's testimony was not sufficient to support the flight instruction, we hold that there was other evidence in the record sufficient to support the trial court's flight instruction.

The trial court also instructed the jury that:

> The State also contends and the defendant denies that the defendant has admitted one

or more facts relating to the crime charged in this case. I instruct you that if you find from the evidence that the defendant has admitted any fact relating to the crime charged in this case, then you should consider all of the circumstances under which that admission was made in determining whether it was a truthful admission and the weight that you will give to it.

Defendant argued at trial, and contends on appeal, that this instruction was erroneous. The statement that defendant allegedly gave upon his arrest was "I didn't do it, but I know who did and where the money is." Defendant contends that nowhere is "it" identified as the crime in this case, and thus that this admission was not "relating to the crime charged in this case."

"An admission is a statement of pertinent facts which, in light of other evidence, is incriminating." *State v. Trexler*, 316 N.C. 528, 531, 342 S.E.2d 878, 879-80 (1986). In the instant case, defendant was apprehended the day after the money was stolen, in the same neighborhood, and he informed the apprehending officer that he "didn't do it[,]" whatever "it" might be, but he "knew where the money [was]." In light of the circumstances of his arrest, this statement raised a sufficient question of fact for a jury to be instructed upon it. Further, the trial court's instruction did not compel the jury to find

that the statement was an admission, but rather permitted the jury to decide whether there was an admission and the weight to be given to the statement.  We hold that there was sufficient evidence presented by the State to support the trial court's instruction.

This argument is without merit.

NO ERROR.

Judges HUNTER, ROBERT C. and BRYANT concur.

Report per Rule 30(e).