TYSON, Judge.
Dennis Lawrence Palm, Jr. ("Defendant") appeals the trial court's denial of his motion to dismiss the charge of first-degree kidnapping. Defendant also asserts he received ineffective assistance of counsel at trial. We find no error concerning the trial court's denial of his motion to dismiss, and dismiss without prejudice Defendant's ineffective assistance of counsel claim.
I. Background
On 17 June 2015, Defendant was arrested and charged with two counts of second-degree kidnapping and attempted common law robbery. On 6 July 2015, a Durham County grand jury indicted Defendant for attempted common law robbery and two counts of first-degree kidnapping.
On 17 June 2015, Elizabeth Nanduca-Arroyo ("Ms. Nanduca") arrived at a McDonald's restaurant, shortly before 4:00 a.m. to begin her morning work shift. Ms. Nanduca was the first employee to arrive for work that day. As Ms. Nanduca was entering the building, Defendant came up from behind her and pushed his way into the building. Defendant pushed an object into Ms. Nanduca's back and demanded that she open the cash registers. Ms. Nanduca told Defendant she did not have the keys to open the cash registers and that only the manager had the keys. Defendant asked Ms. Nanduca what time the manager would arrive. Ms. Nanduca responded that the manager did not have a set time to arrive for work.
While Defendant was asking Ms. Nanduca about the manager's schedule, another employee, Julie Merten ("Ms. Merten"), arrived and called Ms. Nanduca to ask her to unlock the front door of the building. Defendant ordered Ms. Nanduca to open the door while he hid from view. When Ms. Merten entered the building, Defendant shut the door behind her, grabbed her purse, and pushed her into the employee break room. Defendant testified at trial that he moved Ms. Merten to the break room to keep her out of sight of anyone approaching the building. In the break room, Defendant searched Ms. Merten's purse and pants pockets, but did not take anything from her. Defendant failed to notice Ms. Merten's cell phone was located in her shirt pocket. Defendant left Ms. Merten in the break room and told her to stay there, while he took Ms. Nanduca back to the front of the building.
A few moments later, Ms. Merten left the break room and told Defendant that she was not feeling well. She asked for medication she kept inside her purse. Defendant returned the purse to Ms. Merten and took her back to the break room. Defendant allowed Ms. Nanduca to get milk for Ms. Merten, which she drank to swallow her medication. Defendant again left Ms. Merten in the break room. He took Ms. Nanduca back to the front of the building and hid behind her.
While Defendant was present with Ms. Nanduca in the front of the building, Ms. Merten used her cell phone to call 911. Ms. Merten did not leave the McDonald's at that time, because she did not want to set off the alarm and alert Defendant she was leaving, while Ms. Nanduca was still in the building with Defendant.
A short time later, police officers arrived and saw Ms. Nanduca. Ms. Nanduca signaled to an officer that Defendant was hiding behind her. When Defendant saw police officers enter the building, he wrapped his arm around Ms. Nanduca's neck and pressed an object against her back. Officer Glen Price ("Officer Price") told Defendant several times to release Ms. Nanduca. Defendant responded by threatening to kill Ms. Nanduca or "blow her back out." After Defendant failed to comply with his requests, Officer Price shot Defendant in the face. Defendant released Ms. Nanduca, fell to the ground, and was arrested by police.
At both the close of the State's evidence and at the close of all evidence, Defendant moved to dismiss the charges against him. The trial court denied both motions. The jury found Defendant guilty of first-degree kidnapping of Ms. Merten, first-degree kidnapping of Ms. Nanduca, and attempted common law robbery.
The trial court sentenced Defendant to consecutive sentences of 73 to 100 months imprisonment for first-degree kidnapping of Ms. Merten, 73 to 100 months imprisonment for first-degree kidnapping of Ms. Nanduca, and 6 to 17 months for attempted common law robbery. On 22 March 2016, Defendant gave oral notice of appeal.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2015).
III. Motion to Dismiss
Defendant argues the trial court erred by failing to grant his motion to dismiss the first-degree kidnapping charge with regard to Ms. Merten. Defendant contends insufficient evidence shows the kidnapping to be separate and apart from the removal and restraint inherent to the attempted robbery. We disagree.
A. Standard of Review
When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. The trial court must decide only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.
State v. Miller , 363 N.C. 96, 98-99, 678 S.E.2d 592, 594 (2009) (citations and quotation marks omitted). "We review the denial of a motion to dismiss de novo. " State v. Chillo , 208 N.C. App. 541, 545, 705 S.E.2d 394, 397 (2010) (citation omitted).
B. Analysis
North Carolina's kidnapping statute provides in relevant part:
(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person ... without the consent of such person ... shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
....
(2)Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony
....
(b) ... If the person kidnapped ... was not released by the defendant in a safe place ... the offense is kidnapping in the first degree.... If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree[.]
N.C. Gen. Stat. § 14-39(a) -(b) (2015).
In State v. Fulcher , the Supreme Court of North Carolina recognized that certain felonies cannot be committed without some restraint of the victim and held that "restraint, which is an inherent, inevitable feature of such other felony," could not be the basis of a separate kidnapping conviction. State v. Fulcher , 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). The Court determined the legislature did not intend N.C. Gen. Stat. § 14-39"to permit the conviction and punishment of the defendant for both crimes." Id. The Court noted that "[t]o hold otherwise would violate the constitutional prohibition against double jeopardy." Id.
"Similarly, the removal element of kidnapping must be an asportation that is not an inherent part of the commission of another felony...." State v. Roberts , 176 N.C. App. 159, 165, 625 S.E.2d 846, 851 (2006).
If the asportation is a separate act independent of the originally committed criminal act, a trial court must consider additional factors such as whether the asportation facilitated the defendant's ability to commit a felony offense, or whether the asportation exposed the victim to a greater degree of danger than that which is inherent in the concurrently committed felony offense.
State v. Ripley , 360 N.C. 333, 340, 626 S.E.2d 289, 293-94 (2006).
Here, in addition to the kidnapping charges, Defendant was charged with attempted common law robbery which consists of "(1) defendant's specific intent to commit the crime of common law robbery, and (2) a direct but ineffectual act by defendant leading toward the commission of this crime." State v. Whitaker , 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982) (citations omitted).
Common law robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation." State v. Bailey , 4 N.C. App. 407, 411, 167 S.E.2d 24, 26 (1969) (citation omitted).
1. State v. Davidson
In applying these principals to the facts before us, State v. Davidson provides guidance. State v. Davidson , 77 N.C. App. 540, 335 S.E.2d 518 (1985). In Davidson , the defendant's kidnapping conviction was upheld when the victims of a robbery in a clothing store were moved from the front of the store to a dressing room in the back of the store. Id. at 541, 335 S.E.2d at 519. This Court determined that "[s]ince none of the property was kept in the dressing room, it was not necessary to move the victims there in order to commit the robbery. Removal of the victims to the dressing room thus was not an inherent and integral part of the robbery." Id. at 543, 335 S.E.2d at 520. Rather, "[the removal] was a separate course of conduct designed to remove the victims from the view of passersby who might have hindered the commission of the crime." Id.
2. State v. Joyce
The analysis in State v. Joyce is also instructive on the issue of when a removal is integral to a robbery. State v. Joyce , 104 N.C. App. 558, 410 S.E.2d 516 (1991). In Joyce , the defendant was charged with several counts of kidnapping and three robberies committed at separate locations. Id. at 567, 410 S.E.2d at 521. At the three locations, the defendant forced his victims to move from one room to another, where he would confine them. Id. This Court reasoned that "[t]he removals were not an integral part of the crime nor necessary to facilitate the robberies, since the rooms where the victims were ordered to go did not contain safes, cash registers or lock boxes which held property to be taken." Id. This Court found the evidence was sufficient to sustain the kidnapping convictions in addition to the robbery convictions. Id.
Here, like the defendant in Davidson , Defendant moved Ms. Merten to the break room to keep her out of view of anyone walking near the building, so as not to arouse the suspicion of anyone near the building. See Davidson , 77 N.C. App. at 543, 335 S.E.2d at 520.
Defendant did not attempt to steal any items either from the break room or from Ms. Merten. Defendant's removal of Ms. Merten to the break room was not an inherent part of his attempted robbery of the McDonald's, but was a "separate course of conduct" intended to remove Ms. Merten from the view of anyone approaching the building. Davidson , 77 N.C. App. at 543, 335 S.E.2d at 520.
Sufficient evidence of a removal or restraint apart from that inherent in the attempted robbery itself, supports the trial court's ruling to deny Defendant's motion to dismiss the charge of first-degree kidnapping relating to Ms. Merten. Defendant's motion to dismiss is without merit and his argument is overruled.
IV. Ineffective Assistance of Counsel ("IAC") Per Se
Defendant argues his trial counsel rendered per se ineffective assistance of counsel. The specific language of his counsel Defendant takes issue with is:
Yeah, he grabbed her. He pulled her there, but then he let her go. She was free to do what she wanted. She chose to remain, by her own admission, until the police got there and to see what was going on with her friend. But she didn't have to. She was completely free to go. She was walking through the store constantly. I would contend the State hasn't met that burden. And that would make it a second degree kidnapping. [emphasis supplied].
The record contains Defendant's express authorization to his trial counsel to admit to the second-degree kidnapping of Ms. Nanduca. However, there is no indication in the record whether Defendant authorized his counsel to admit to the second-degree kidnaping of Ms. Merten. Later in Defendant's trial counsel's closing statement, after the purported admission of Defendant's guilt, Defendant's counsel asked the jury to "find Mr. Palm not guilty as to all of these charges or certainly not guilty as to first-degree kidnapping."
Defendant contends the emphasized portion of his trial counsel's closing statement constitutes an admission of Defendant's guilt to the lesser-included offense of second-degree kidnapping of Ms. Merten. In response, the State contends the statement at issue, taken in context, was part of Defendant's trial counsel's strategy to argue to the jury to find Defendant, at most, guilty of the second-degree kidnapping of Ms. Merten, if they were to find him guilty of kidnapping.
In general, "claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." State v. Stroud , 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001) (citation omitted), cert. denied , 356 N.C. 623, 575 S.E.2d 758 (2002). However, "[c]laims of IAC brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Gerald , 227 N.C. App. 127, 131, 742 S.E.2d 280, 283 (2013) (citation and internal quotation marks omitted).
"[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [motion for appropriate relief] proceeding." State v. Fair , 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001), cert. denied , 535 U.S. 1114, 153 L.Ed. 2d 162 (2002) (internal citations omitted).
Defendant asserts a claim for per se IAC. "[A] defendant receives ineffective assistance of counsel per se when counsel concedes the defendant's guilt to the offense or a lesser included offense without the defendant's consent." State v. Berry , 356 N.C. 490, 512, 573 S.E.2d 132, 147 (2002) (citing State v. Harbison , 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), cert. denied , 476 U.S. 1123, 90 L.Ed. 2d 672 (1986) ).
In State v. Greene , our Supreme Court held that an argument by defense counsel, asserting a defendant is not guilty of all charges, but if the jury found him guilty of any charge, it should be a lesser-included offense, is not per se IAC. State v. Greene , 332 N.C. 565, 572, 422 S.E.2d 730, 733-34 (1992). In State v. Harvell , 334 N.C. 356, 361, 432 S.E.2d 125, 128 (1993), our Supreme Court, following Greene , also held a defense counsel's argument that if the evidence tended to establish a defendant's guilt of any crime, then it would be a lesser-included offense, was not the equivalent of admitting the defendant was guilty of any crime, and was not per se IAC.
It is not apparent from the record before us whether Defendant authorized his trial counsel to admit to the second-degree kidnapping of Ms. Merten, or whether the statement at issue is an admission of guilt. Additionally, it is unclear whether the purported admission was part of defense counsel's trial strategy to argue to the jury to find Defendant guilty, at the most, of second-degree kidnapping if they did not acquit him.
Here, the "cold record" is too undeveloped for us rule on the merits of Defendant's IAC per se claim. Gerald , 227 N.C. App. at 131, 742 S.E.2d at 283. We dismiss Defendant's IAC claim without prejudice for Defendant's right to reassert it during a subsequent proceeding.
V. Conclusion
The trial court properly denied Defendant's motion to dismiss his charge for the first-degree kidnapping of Ms. Merten. Defendant removed and restrained Ms. Merten in a manner separate and apart from his act of attempted common law robbery.
Defendant's ineffective assistance of counsel claim is dismissed without prejudice to his right to reassert it in a subsequent proceeding. It is so ordered.
NO ERROR IN PART; DISMISSED IN PART WITHOUT PREJUDICE.
Report per Rule 30(e).
Judges ELMORE and DIETZ concur.